CHARLES H. TUGMAN, Respondent, *v.* THE NATIONAL STEAM-
SHIP COMPANY, Appellant.

76  207
m166  207

Defendant contracted with plaintiff to carry 1,000 tons of freight from New York to Liverpool, at a specified price per ton ; the contract was without any condition or limitation as to the shipper. Plaintiff shipped sixty-five tons in his own name, and sold to other parties the right to ship the residue called for by the contract, subject to charges. Defendant received and transported the goods and collected from the consignees of so much thereof as was not shipped in the name of plaintiff, the current rates, which were in excess of the contract price. *Held,* that plaintiff was entitled under the contract to the amount of freight named, whether belonging to or 'shipped by him, or by other parties ; that he could assign the whole contract, or any interest therein ; and that plaintiff was entitled to recover, as for money had and received, the amount received by defendant over and above the contract price.

The complaint, after alleging the contract and the execution thereof, averred that defendant wrongfully and fraudulently collected the money from the consignees, and converted to its use the sum belonging to plaintiff. *Held,* that these allegations were unnecessary; and as the complaint alleged, and the proof established, facts constituting a cause of action on contract, it was sufficient to authorize a recovery.

A petition to remove a cause from a State court into the United States Circuit Court, which simply states that defendant was an alien at the time of signing and verifying the petition, is fatally defective ; it must appear that he was an alien at the time of the commencement of the action.

Where, after a denial of an application to remove a cause, defendant consents to the appointment of a referee to determine the action, and proceeds to trial on the merits before him, as to whether this is a waiver on the part of defendant of his right to insist that a removal has been had, *quære.*

(Argued January 30, 1879 ; decided February 11, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 13 Hun, 332.)

The complaint in this action alleged, in substance, that defendant entered into a contract with plaintiff to carry and safely deliver 1,000 tons of freight from New York to Liverpool, at 27*s.* 6*d.*, sterling, per ton. That plaintiff contracted

with other parties to ship and deliver said freight, and the same was delivered to defendant, and was by it transported to and delivered to the consignees at Liverpool. That defendant wrongfully and fraudulently collected from the consignees a sum stated, which was in excess of the contract price, and misappropriated and converted to its own use the excess; and although the same had been duly demanded refused to pay it over.

*B. C. Chetwood*, for appellant. The contract on the part of defendant having been obtained by concealment of the proposed shipper's name and suppression of facts was void *ab initio*. (*Wilson* v. *Force*, 6 J. R., 110; 1 Comyn on Contracts, 38; *Gale* v. *Gale*, 19 Barb., 249; *Clark* v. *Metropol. Bnk.*, 3 Duer, 241; *Norton* v. *Woodruff*, 2 Coms., 133; *Westcott* v. *Thompson*, 18 N. Y., 363.) This action sounds in tort. (*Eldridge* v. *Adams*, 54 Barb., 417; *McCombie* v. *Davis*, 6 East, 540; *Canfield* v. *Monger*, 12 J. R., 347.)

*Freeman J. Fithian*, for respondent. As the petition for removal of the case into the United States Court did not allege or show that defendant was an alien at the time of the commencement of the action, the motion could not be granted. (*Pecknor* v. *Phœ. Ins. Co.*, 65 N. Y., 195.) The statutes for the removal into the United States Court of causes against aliens do not extend to cases where neither party is a resident or citizen of the State in the courts of which the action is brought. (*Smith* v. *Butler*, 38 How. Pr., 192; 1 Wait's Pr., 267; *Gordon* v. *Langest*, 16 Pet., 97;

MILLER, J. The evidence upon the trial of this action established that the plaintiff was applied to by the agent of the Erie and Pacific Despatch Company, in reference to engaging freight for the months of December and January, 1874, from the city of Chicago, in the State of Illinois, to the city of Liverpool, in England; that thereupon the plaintiff asked such agent the price of such freight, and he

informed the plaintiff that he had telegraphed and got a thousand tons at 27s. 6d., per ton, in the National Line ; and upon being requested to do so, said he would make it at the shipper's option.   The plaintiff informed him that he would take it at the price named, and requested the agent to let him know when it was fixed.   The agent said he would make the engagement then, and plaintiff replied that he would accept, and the agent telegraphed to the president of the Erie and Pacific Despatch Company, saying that the plaintiff had got the one thousand tons.   The Despatch Company had a joint bill of lading with the defendant, with authority to engage freight to Liverpool and London.   A memorandum of the terms of the contract was entered on a book of the defendant, kept for such a purpose, by a freight agent of the company, upon receiving the dispatch to the president of the Despatch Company that the freight was engaged.   At the time when the contract was made, there was no conversation to the effect that the defendant should carry only such goods as actually belonged to or were forwarded by and in the name of the plaintiff; nor was any entry made in the memorandum book or elsewhere, by which the contract was restricted in this respect.   The agreement was absolute and unqualified in its terms, and without any limitation or condition as to the shipper.

· A fair interpretation of the terms of the contract, as agreed upon, most manifestly entitled the plaintiff to ship the freight to the amount named, without regard to the fact whether it belonged to or was shipped by him, or by other parties, under his contract.   He had a right, we think, to assign or sell the entire contract, or any portion or share of it, as suited his own wishes, or as might contribute to his own advantage, and it did not rest with the defendant to repudiate the contract because other parties, to whom the plaintiff had transferred an interest, with the plaintiff's consent, shipped a portion of the goods.   The defendant reaped the same benefit from the contract, whether the plaintiff was the actual shipper or a third party.   As it may be assumed

that the plaintiff was at the trouble and expense of procuring, and by his own exertions obtained the freight, it would be but just that he should be entitled to the profits arising from the contract, over and above what he had agreed to pay, as the fruits of his enterprise.

In accordance with the contract the plaintiff had entered into, he shipped sixty-five tons of the freight in his own name, and he procured the remainder of the one thousand tons ; all of which were delivered to the Erie and Pacific Despatch Company at Chicago, with directions that the freight be forwarded to the defendant in New York, and then transported to Liverpool. All was received and shipped, in fulfillment of the contract made with the defendant, and the freight arising from the same, on such of the goods as were not shipped directly in the name of the plaintiff was charged at a greater rate than the price fixed by the contract with the plaintiff, and was received by the defendant from the persons to whom the merchandise was shipped.

The leading facts, to which reference has been had, establish, we think, a liability on the part of the defendant to pay over the money received for the freight beyond the price named in the contract. The plaintiff agreed to furnish the freight at a price fixed, and the defendant, having received a larger sum than the amount charged for the freight, was clearly bound to account to the plaintiff for the sum of money which came into the defendant's hands, beyond the sum agreed to be paid for the transportation of the freight. The money thus received did not belong to the defendant, but to the plaintiff ; and an action lies for money had and received for the use of the plaintiff. When a person receives money of another, which in equity and good conscience he ought to refund, the law implies a promise to account for it to the true owner. (*Eddy v. Smith*, 13 Wend., 488, 490, and authorities cited.) It is true, the complaint in the action, after alleging the contract and the execution thereof, contains an averment that the defendant wrongfully and fraudulently collected the money from the consignees, and converted to the use of the defend-

ant the sum belonging to the plaintiff; but these allegations were unnecessary ; and inasmuch as the complaint contained a statement of facts constituting a cause of action on contract, and was sustained by proof of such facts upon the trial, it was sufficient to authorize a recovery. (*Conaughty* v. *Nichols*, 42 N. Y., 83.)

It is said that the contract on the part of the defendant, having been obtained by concealment of the proposed shipper's name and a suppression of facts, was void *ab initio.* There is no sufficient evidence to establish a concealment or suppression of the facts, and, at most, it was a question of fact for the referee to determine.

The claim urged, that the agent of the defendant had no authority to enter into any contract, except with the actual shippers, we think is not sustained.    Although there is some evidence to that effect, yet taking the whole transaction together, there is sufficient to establish that the defendant knew that the contract was not thus limited ; and it was entered as unrestricted by the agent of the company upon the books.    But were it originally unauthorized, the circumstances tend to show that the contract, as made by the agent, was adopted by the defendant.    It may also be remarked that no such point was raised upon the trial, nor was any request to find to that effect made to the referee, so as to present this question upon appeal.

It is also objected, that there was no privity of contract between the plaintiff and the defendant.    Although the contract was entered into with the defendant's agent, before the goods arrived in New York it had received the bills of lading, had notice of the contract under which the goods were to be shipped, and, at least, knew that the plaintiff was owner of the. contract, before all the goods had been forwarded.    It ratified the contract, and became a party by its acts, in carrying the freight, collected a larger amount due for such freight, upon the bills of lading, than the contract with the plaintiff called for, and thus bound itself to account for the excess to the plaintiff, who was

entitled thereto. There was sufficient evidence of privity, we think, to bind the defendant.

There is no ground for claiming that the owners of the merchandise shipped have any claim against the defendant, for the excess of freight beyond the price agreed upon by the defendant and the plaintiff. They paid no more than the actual value of the freight at the time, for which, as the case stands, they were liable and had agreed to pay. · They purchased from the plaintiff the right to have the freight transported, subject to charges therefor, and were obligated to pay the same to the owners of the vessel primarily. The right to have the merchandise carried belonged to the plaintiff alone ; and he agreed to sell it to the owners thereof, subject to the payment of proper charges, which were not limited to the price fixed between the plaintiff and the defendant. As they have paid these charges, and no more than they agreed to pay, no claim exists, in their favor, to recover any portion of the defendant.

In regard to the question, raised upon the trial, that this court was ousted of jurisdiction, by the proceedings instituted to remove the case into the United States Circuit Court, we think that the petition was defective, in not showing that the defendant was an alien citizen or subject of a foreign power, at the time of the commencement of the action, but only when the petition was signed and sworn to. The omission referred to brings the case directly within the decision in the case of *Pechner* v. *Phœnix Ins. Co.* (65 N. Y., 195). It may also be remarked that since the order refusing to remove the case, the defendant consented to the appointment of a referee to determine the case, and submitted to his jurisdiction, by trying the action on the merits. It· is, at least, questionable whether he has not thus waived his right to insist that a removal had been had. The various exceptions taking to the rulings of the referee upon the trial, in respect to the admission and exclusion of evidence, have been carefully considered, and none of them present any ground of error which would authorize a reversal of the judgment.

The judgment should be affirmed.

All concur, except Rapallo, J., absent; Folger and Earl, JJ., concurring in result.

Judgment affirmed.