HENRY C. ANDREWS, AS RECEIVER, ETC., APPELLANT, v. GEORGE H. MOLLER AND OTHERS, RESPONDENTS.

*Action for money had and received — when the payment of the money to the plaintiff, or by his authority, must be alleged and proved by the defendant.*

This action was brought by the receiver of a limited corporation to recover the ten per cent cash payments required by law to be made by the subscribers to the stock of the corporation at the time of their subscribing therefor. It was claimed that these amounts had been received by the defendants, as commissioners, licensed by the secretary of state, under section 4 of chapter 611 of 1875. The complaint alleged facts showing the receipt of such moneys by the defendants, and that they had failed to pay it over, and then added that the defendants had refused to pay it over and had converted it to their own use. Upon the trial the complaint was dismissed upon the ground that

the plaintiff had failed to prove that the defendants had failed to pay over the money to the corporation.

*Held,* that this was error; that it was only necessary for the plaintiff to show that money belonging to the company had passed into the possession of the defendants for its benefit, and any payment of such money to or under its authority must be alleged and proved by the defendants.

APPEAL from a judgment, recovered on the dismissal of the complaint at the circuit.

*John Brooks Leavitt,* for the appellant.

*Leopold Wallach* and *J. Homer Hildrith,* for the respondents.

DANIELS, J.:

The appointment of the plaintiff as receiver was legally proved by the order made for that purpose, and the bond given and filed by him entitling him to act in that capacity. (*Potter* v. *Merchants' Bank, etc.,* 28 N. Y., 641; *Whittlesey* v. *Frantz,* 74 id., 456.) He claimed to recover from the defendants the amount received by them by way of subscriptions to the capital stock of the Rockaway Jockey Club, limited, a corporation formed and existing under chapter 611 of the Laws of 1875. By section 4 of this act the secretary of state was empowered to issue a license to the persons making the certificate of incorporation, empowering them as commissioners to open books for subscriptions to the capital stock of the corporation. But they were prohibited by section 5 of the same act from taking subscriptions, unless the person or persons making them at the same time paid to them ten per cent in cash of the par value of the stock for which he or they subscribed. This license was issued by the secretary of state to the commissioners, and they acted under it and received subscriptions for the capital stock of the company, upon which they were paid the requisite ten per cent mentioned in the statute. There was subscribed for in this manner 1,525 shares of the capital stock of the corporation, which by section 11 of the act could not be issued for a less sum than twenty-five dollars nor more than $100 for each share. The shares were in fact made for the sum of $100 each, and ten per cent upon this number of shares of the par value of $100 each was in this manner shown to have been received by the defendants as such commissioners.

At the close of the evidence proving these facts an application was made for the dismissal of the complaint, and a direction to that effect was given by the court. This direction seems to have pro- ceeded upon the conclusion that the plaintiff could not recover in the action without making proof of the defendants' failure to pay over to the corporation the money which had been received by them as commissioners.

The complaint alleged that they had failed to pay over the money, and then added as a further allegation that the defendants had refused to pay it over and had converted it to their own use. But no claim was made at the trial to maintain the action against them upon these latter grounds, or because of any positive misconduct in the disposition of the money on their part. The plaintiff relied for his right to recover in the action wholly upon the facts that the defendants, as commissioners under this act, had received this sum of money which they were undoubtedly liable to pay to the corpo- ration or the receiver, who had succeeded to all its rights of action. The case as the proof presented it, and it was all admissible under the complaint, was merely one for money had and received by the commissioners to the use of the corporation, and to maintain it all that the law required was that it should be proved that this sum of money had passed into their possession for the use and benefit of the corporation, and that was clearly proven by the evidence given upon the trial. If they had paid over the money, or otherwise dis- posed of it under the authority of the corporation, that was a matter of fact for them to establish. The proof of the fact was admissible in their behalf so far as they had alleged that payment had been made. It was an affirmative fact resting upon them, the proof of which, if it existed, must have been peculiarly within their power, and under the rules of pleading the plaintiff was not bound to anticipate its effect by first making proof that the money had not been paid or properly accounted for. A complete cause of action to this effect was included within the allegations of the complaint and the proof given upon the trial, and neither was weakened by the further and needless allegation that the defendants had con- verted the money to their own use and had refused to pay it over. These allegations, as the complaint was framed, were needless and secured no advantage either to the plaintiff or the defendants in the

general form which had been given to the action. It is only where the charge made in the complaint is one of criminal neglect of duty, or of fraud, or of the wrongful violation of the rights of the plaintiff, or the party represented, that negative proof has been required to be given. (*People* v. *Pease*, 27 N. Y., 45, 74.) No such charge formed the foundation to the plaintiff's right to recover in this action. It was dependent upon the fact of the defendants having received the money and omitting to pay it over; and to sustain the right of the plaintiff to recover it was not requisite that this negative should first be proved to have been properly charged as a part of the complaint. But it was for the defendants, if they had relieved themselves of liability for the money after it passed into their hands, to make proof of that fact by way of establishing their own defense. (*Everett* v. *Lockwood*, 8 Hun, 356; *Tugman* v. *National Steamship Co.*, 76 N. Y., 207, 210, 211; *Segelken* v. *Meyer*, 94 id., 473, 484.)

The direction for the dismissal of the complaint should not under the circumstances appearing upon the trial have been given, and the judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.