No. 10,641.

THURINGER *v.* BONNER.

Decided November 5, 1923.

On motion to reinstate the cause.

*Motion Granted.*

1. APPEAL AND ERROR—*Attachment—Final Order.* Under the provisions of section 425, Code '21, it is held that an order dissolving an attachment, is a final order and subject to review.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JOHN HIPP, for plaintiff in error.

Messrs. CARLSON & ERICKSON, Mr. W. R. RAMSEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A MOTION to dismiss the writ of error in this cause was granted and now plaintiff in error moves to reinstate the cause. The writ was dismissed on the ground that there was no final judgment. The judgment was an order dissolving an attachment. Upon reconsideration we think this is a final order, because it is conclusive of the question of the validity of the attachment and therefore final on that question. *Daniels v. Daniels,* 9 Colo. 133, 140, 10 Pac. 657. The dissolution of the attachment is the end of the controversy as to the attachment matter, and the trial court can do nothing further with it; moreover it often does, and it is claimed it does here, determine the most important question in the case. If a motion to dissolve were denied a somewhat different question would be presented.

The statute (C. L. Code § 425) permits writs of error

"to every final judgment, decree or *order* * * * in all actions, suits *and proceedings.*" This goes much further than the statute upon which the decisions cited for defendant in error are based. In *Hagerman v. Moore,* 2 Colo. App. 83, 87, 29 Pac. 1014, there was no judgment at all; only an order sustaining a motion to dismiss for want of prosecution. So of *Alvord v. McGaughey,* 5 Colo. 244, *Higgins v. Brown,* 5 Colo. 345, and *Stevens v. Solid Muldoon Co.,* 7 Colo. 86, 1 Pac. 904. *Dusing v. Nelson,* 7 Colo. 184, 2 Pac. 922, involves only the construction of an entry in the record, whether it was a final judgment, no such question as is now before us; but the rule there stated is the correct one and we follow it.

*Bogert v. Adams,* 5 Colo. App. 510, 39 Pac. 351, involved the statute of appeals, since repealed (S. L. 1889, p. 77, § 10), which does not use the term "order," but only "judgment or decree" amounting to one hundred dollars "or shall relate to a franchise or freehold." The decision that an order dissolving an attachment was not within these terms was clearly right but not relevant here.

The above considerations make it unnecessary to discuss the decisions of the courts of other jurisdictions.

Motion to reinstate granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.