## No. 10,641.

### THURINGER v. BONNER.

Decided February 4, 1925.

Action involving attachment proceedings. Attachment dissolved.

*Affirmed.*

### On Application for Supersedeas.

1. ACTIONS—*Attachment.* An attachment is rightly dissolved if the action is ex delicto.

2. *Character of—Pleading.* Whether an action is ex contractu or ex delicto must be determined from the complaint.

3. *Ex delicto—Attachment.* Allegations of a complaint reviewed, the action held to be ex delicto, and an attachment rightly dissolved.

4. *Pleading—Contract.* Neither exemplary damages nor execution against the body, is consistent with an action upon contract.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JOHN HIPP, for plaintiff in error.

Messrs. CARLSON & ERICKSON, Mr. W. R. RAMSEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THURINGER brought suit against Bonner in aid of which an attachment was issued which was afterwards dissolved. This we held was a final judgment subject to writ of error, *Thuringer v. Bonner,* 74 Colo. 209, 219 Pac. 1078. The dissolution is assigned as error.

The ground upon which defendant in error claims the attachment was rightly dissolved is that the action is ex delicto. The ground is good if the action is so. *The Donald Co. v. Dubinsky,* 74 Colo. 128, 219 Pac. 209; Code C. L. § 97. Whether an action is ex contractu or ex delicto must be determined from the complaint, 1 C. J. p. 1015, § 138, p. 1039, § 168. At common law this question was easily answered. Under the Code it is sometimes difficult. Especially is this true where, as in the present case, facts sufficient to constitute a cause of action ex contractu are alleged by way of inducement to the allegations of tort (similar cases are not very uncommon; one is *Harkison v. Harkison,* 101 Fed. 71, 41 C. C. A. 201), and while the cases state general principles pretty consistently, they are not in accord in results. In the present case, however, there can be no doubt that the action is ex delicto.

The complaint alleges that the defendant, by written agreement, assigned to plaintiff an interest in a claim against one Sandburg and agreed not to settle without the knowledge and approval of plaintiff; that the defendant thereafterwards recovered judgment on the claim against Sandburg and then, without knowledge or approval of plaintiff, settled the claim, entered satisfaction of the judgment, received a large sum of money therefor, and refused to pay any part of it to the defendant. So far it is a complaint upon contract. But it then goes on: "That defendant made said settlement of the judgment above referred to as hereinbefore alleged, and received the money and property rights therefor, paid, assigned and turned over to him by the said John Sandburg, without any right or authority so to do from plaintiff, and maliciously and

fraudulently intending to convert the same and all thereof to his own uses and to deprive plaintiff of his rights, interest and share thereof and therein, and did so fraudulently convert said judgment and all thereof, and all of the proceeds of the settlement thereof to his own uses in utter disregard of the rights of plaintiff therein."

And it further alleges that in said settlement the defendant released attachments of property belonging to Sandburg; that the judgment against Sandburg was of the real value of $27,192.20 and that "by the fraudulent conduct of defendant hereinbefore set forth this plaintiff was fraudulently deprived of his interest therein to his damage in the sum of $7,071.10; that * * * the defendant was actuated by a malicious and fraudulent intent to defraud and injure the plaintiff, and that the injury complained of herein was attended by circumstances of fraud and malice, and a wanton and reckless disregard of the rights of plaintiff, * * * that the defendant was guilty of malicious fraud and willful deceit, and maliciously and fraudulently took and received money and other property of great value in the settlement of the judgment hereinbefore referred to * * * for the purpose of converting the same to his own exclusive use in fraud of the rights of plaintiff and did so unlawfully, fraudulently and wrongfully convert the same to his own use," to the exclusion of the rights of plaintiff.

The demand for judgment is for $7,071.10 actual damages "sustained because of the wrongful acts of defendant hereinbefore set forth," for $5,000 exemplary damages, that defendant may be adjudged to have been guilty of malicious fraud and wilful deceit, and that plaintiff may have execution against his body.

There is no escape from the conclusion that this is an action in tort. Neither exemplary damages nor execution against the body is consistent with an action upon contract. C. L. §§ 5964 and 6307. The courts have gone far in holding actions to be in contract, even permitting an averment

of fraudulent conversion, if such act amounted to a breach of the alleged contract. *Austin v. Rawdon,* 44 N. Y. 63, 69; *Tugman v. National Steamship Co.,* 76 N. Y. 207. But here we have more—careful statements to bring the case within the above cited statutes, which require tort to be stated, and prayers pursuant to those statutes for judgment which can be based on tort alone.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.