No. 15,069.

SAMS *v.* CURFMAN ET AL.
(137 P. [2d] 1017)

Decided May 17, 1943.

Mr. JOEL E. STONE, Mr. B. F. REED, for plaintiff in error.

Mr. HENRY H. CLARK, Mr. PAUL M. CLARK, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter designated as there. The Beatrice Creamery Company is referred to as the Creamery Company.

Plaintiff was injured in an automobile collision between his car and a car of the Creamery Company. He was treated by defendants who are physicians and surgeons. Charging them with dereliction and misconduct he brought this action against them for damages. They denied generally and in a third defense alleged that he had sued the Creamery Company and its driver and settled that action for $3,750, which settlement they pleaded as a bar to this suit. Replication to this third defense was stricken and, plaintiff electing to stand, judgment was entered against him on the pleadings. To review that judgment he prosecutes this writ. His alleged errors raise simply the question of the correctness of the order striking his reply to the third defense.

The facts of the suit against the Creamery Company and its settlement are admitted. The position of the defendants is that this was an action in tort and the release of the original wrongdoers releases defendants; whereas the plaintiff contends that the complaint pleaded both tort and violation of contract; that he is clearly entitled to recover thereunder for the violation of contract, but if not he is entitled to recover on the tort for

the reason that there is no causal connection between the wrong committed by the Creamery Company and the wrong committed by defendants. A brief statement of facts is essential to an understanding of our resolution of these questions.

The accident occurred February 25, 1939. Plaintiff was discharged by defendants April 11, following. The action against the Creamery Company was instituted August 3, 1939, and settled May 16, 1940, and the complaint herein was filed December 6, 1940. The complaint against the Creamery Company discloses the identity of the accidents and alleges the same primary injuries as the complaint herein and demands judgment for $15,000. The "Release and Settlement of Claim" in that case was a discharge of the defendants there:

"From any and all actions, causes of action, claims and demands, damages, costs, loss of services, expenses, and compensation on account of, or in any way growing out of, any and all known and unknown personal injuries or property damage resulting or to result from an accident [describing it] and do hereby * * * covenant with the said Beatrice Creamery Company and A. E. Prunty [driver] and each of them * * * to indemnify and save them harmless from all claims and demands * * * in any way growing out of said accident * * *.

"It is expressly understood and agreed that the acceptance of the above described payment is in full accord and satisfaction of a disputed claim and that the said payment is not to be construed in any way as an admission of liability."

1. The first question presented is the character of the present action, i.e., tort, contract, or both. Defendants assert, and plaintiff admits, that an action in tort was alleged. Plaintiff further insists that the complaint likewise disclosed a breach of contract and facts supporting a judgment for damages by reason thereof. This defendants deny.

The original complaint herein purports to set forth a single cause of action. The same is true of the amended complaint. Our present rules, under which plaintiff claims the right to thus plead both tort and contract, did not become effective until one year after the original complaint was filed. That pleading fixed the character of the action and the amendment did not change it, hence the action decided was the action filed and the rule relied upon is not applicable. As rules and code stood when the suit was instituted tort and contract could not be thus commingled. Which then was this?

The first complaint is entitled "Damages (for malpractice)"; the second "Amended Complaint (Damages)." Therein plaintiff alleges, inter alia, his employment of defendants, his treatment by them, and his discharge with their statement that they found no evidence of any injury which could cause the pain of which he complained and that they could not and would not do anything further for him. He then says that by reason of their "gross negligence and wrong doing" his original injuries were aggravated, etc., which would not have been the case had they "exercised reasonable care and skill in the diagnosis and treatment." He further charges that they "did negligently fail," "did wrongfully and knowingly refuse," and, repeatedly, that they did "negligently, wantonly and knowingly" etc. "That as the proximate result of the negligence and wrongs" he was "damaged in the sum of $25,000 * * *." "That the injury herein complained of was attended by * * * a wanton and reckless disregard of the rights and feelings of the plaintiff, and that the sum of $5000 is a reasonable sum as exemplary damages for said wrongs." For both sums he demands judgment with interest and costs.

The only language which could tie these recitals to a claim for damages for breach of contract is the constant repetition of the words "knowingly and willfully" and the statement that defendants "accepted the plaintiff as their patient and undertook to diagnose and treat." Ex-

emplary damages are not recoverable in an action on contract. *Westesen v. Bank*, 75 Colo. 340, 225 Pac. 837; *Thuringer v. Bonner*, 74 Colo. 539, 222 Pac. 1118.

The language above quoted, plus the fact that tort and contract could not be commingled, plus the fact that exemplary damages are not recoverable in an action on contract, indelibly stamp this as a tort action. Added thereto counsel for plaintiff assert that they know a cause of action in tort is stated in the complaint. It follows that no cause of action on contract is so stated.

So assuming, counsel admit the law to be "that the original injuries are held to be the proximate cause of the added damages resulting from the negligence and unskillfulness of the attending physician." So defendants assert, and this is unquestionably correct. *Denver & Rio Grande R. R. Co. v. Sullivan*, 21 Colo. 302, 41 Pac. 501; *Ducey v. Patterson*, 37 Colo. 216, 86 Pac. 109; *Smith v. Mann*, 184 Minn. 485, 239 N.W. 223; *Paris v. Crittenden*, 142 Kan. 296, 46 P. (2d) 633; *Thompson v. Fox*, 326 Pa. 209, 192 Atl. 107. These could be multiplied almost indefinitely. Our attention has been called to none to the contrary.

2. Nevertheless plaintiff insists that these authorities are not applicable because no "causal connection" here appears between the original injury and that due to the physicians' negligence. We need not further examine this contention because, excluding consideration of the claim of breach of contract which we have heretofore disposed of, the same causal connection appears here as in practically every case which lays down the general rule above referred to. It follows that the injury, if any, resulting from the negligence, lack of skill or blunders of defendants could have been, and is presumed to have been, included in the suit against the Creamery Company and the presumption is inescapable that it was so included and recovered in the settlement of that action.

The judgment is affirmed.