### WALKER et al. v. LEACH et al.

#### No. 3318.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1946.

John T. Dugan, of Denver, Colo., for appellants.

G. G. Ross, of Denver, Colo.., for appellees.

Before PHILLIPS and HUXMAN, Circuit Judges, and BROADDUS, District Judge.

PHILLIPS, Circuit Judge.

Lucy Walker Carter was formerly married to George Walker. To that union, three daughters and one son were born. In 1945, the daughters were eighteen, twenty, and twenty-two years of age, and the son was twenty-four years of age. On April 10, 1945, the daughters were working in Washington, D. C., and the son was in the United States Naval Service in the South Pacific. Lucy was divorced from George in 1930. Thereafter, George married Ounie Walker, and in 1942, Lucy married Alex Carter.

Prior to April 10, 1945, Alex and Lucy were living in a residence property at 2602 West Thirteenth Avenue, Denver, Colorado. They vacated the property on that date. Prior to her marriage to Alex, Lucy had acquired certain household furniture. The children had assisted her in paying for it. When Lucy moved out of the residence, she caused the furniture and certain clothing and bedding to be delivered to the Weicker Transfer and Storage Company [1] for transportation to Washington, D. C., by the Allied Van Lines, Inc. [2]

Apparently, the residence belonged to George and Ounie. On April 12, 1945, Ounie brought an action against Lucy and Alex in Justice Court Number Two, City and County of Denver, Colorado, seeking to recover, as damages, $300 for injuries to the residence property. An attachment was issued in that action, and served on the Van Lines on April 12, 1945.

On June 23, 1945, George and Ounie obtained a judgment against Alex and Lucy for $2,175, for rent, use, and occupancy, in the District Court for the City and County of Denver, Colorado, in cause No. 43460, Division 5. On April 17, 1945, an attachment was issued in No. 43460, and was levied on the property. It is fairly inferable from the record that Lucy was then insolvent.

Lucy had told one of the daughters that the piano should be hers. She had made like statements to the other children with respect to various articles of furniture. But she had never parted with possession of the furniture. The daughters asserted claims to certain of the furniture in case No. 43460. The son asserted a claim in No. 43460 to certain of the furniture, and stated he was in the Armed Forces serving outside the Continental United States and could not prosecute his claim. Apparently, the state court denied the claims of the children.

On August 13, 1945, Lucy filed a voluntary petition in bankruptcy, and was duly adjudicated a bankrupt. In her schedules, she claimed that the furniture and other personal property was exempt, and asked that it be set aside to her. On August 21, 1945, she filed a petition in the Bankruptcy Court, praying that the property be released from the attachments.

George and Ounie filed objections to the claim for exemption. The exemption claim came on for hearing before the Referee on August 24, 1945. In the proceeding before the Referee, counsel for George and Ounie admitted the attachment in No. 43460 was levied within the four months' period and was void. On August 25, 1945, the Referee entered an order setting aside certain clothing and bedroom furniture to the bankrupt as exempt. On December 3, 1945, the Referee entered an order setting aside the remaining property to the bankrupt as exempt, subject to the claim of Weicker for storage. George and Ounie filed a petition for review. The record was not well prepared and is inadequate. From it, we have endeavored to glean and state the material facts. The District Court affirmed the order of the Referee, and George and Ounie have appealed.

11 U.S.C.A. § 107 in part provides:

"a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceeding within four months before the filing of a petition in bankruptcy * * * by or against such person shall be deemed null and void (a) if at the time when

---

[1] Hereinafter called Weicker.  [2] Hereinafter called the Van Lines.

such lien was obtained such person was insolvent * * *.

"(3) The property affected by any lien deemed null and void under the provisions of paragraphs (1) * * * shall be discharged from such lien, and such property * * * shall pass to the trustee or debtor, as the case may be, except that the court may on due notice order any such lien to be preserved for the benefit of the estate, and the court may direct such conveyance as may be proper or adequate to evidence the title thereto of the trustee or debtor, as the case may be * * *."

■ The attachment levied on April 17, 1945, was void because it was levied within four months prior to the filing of the petition in bankruptcy, and while Lucy was insolvent.

■ An attachment may issue out of a justice court in Colorado only on a claim for a debt on a contract express or implied.[3] It follows that the attachment levied on April 12, 1945, was void for want of jurisdiction by the justice court to issue the writ.

1935 C.S.A. Ch. 93, § 21, in part provides:

"If any debtor shall be engaged in removing his or her property from this state, such property shall not be exempt from levy and sale under execution or attachment; * * *."

■ George and Ounie assert that Lucy was engaged in moving the property claimed as exempt out of the state and that it was, therefore, not exempt. Whether the property had acquired that status may be doubted. In any event, the first attachment was void, and the second attachment was rendered void by the ensuing bankruptcy proceeding. And the property had ceased to have that status when the claim for exemption was asserted.

■■ George and Ounie assert that the property was not in the possession of the bankrupt when the petition in bankruptcy was filed, but was in the custody of the levy-ing officers. The levies were both void for the reasons we have indicated, and the property at all times remained in the custody of Weicker, which was the bailee of Lucy. The claims of George and Ounie were merely colorable. Moreover, George and Ounie voluntarily appeared in the bankruptcy proceeding, made no objection to the Referee's jurisdiction, and set up their claims under the attachments, and prayed that the exemption be denied. They thereby assented to the summary jurisdiction.[4]

Affirmed.

---

[3] 1935 C.S.A., Ch. 96, § 61; Hyman v. Newell, 7 Colo.App. 78, 42 P. 1016; Donald Co. v. Dubinsky, 74 Colo. 128, 219 P. 209; Thuringer v. Bonner, 74 Colo. 209, 222 P. 1118.

[4] Bachman v. McCluer, 8 Cir., 63 F.2d 580, 582, 583; Cf. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97.