No. 17,732.

LUTHER D. MORRIS, ET AL. *v.* HENRY A. DIERS, ET AL.
(298 P. [2d] 957)

Decided July 2, 1956.    Rehearing denied July 23, 1956.

Mr. Thomas E. Creighton, for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendants in error.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the Court.

The plaintiffs in error, hereinafter referred to as plaintiffs, complain of the action of the district court of Lincoln county in dismissing their complaint. We refer to the parties as they appeared in the trial court or by name.

The case grows out of an automobile accident involving two moving cars, one of which struck the second, which in turn struck and damaged a third car occupied by plaintiff Iva Morris while parked at a filling station at Arriba, Colorado, near a travelled highway. The plaintiffs, owner and injured occupant of the parked car, sued the owners and drivers of the other two cars "jointly and severally," alleging substantial damages to plaintiff Iva Morris and to the Morris car due to negligence on the part of the defendants. After the defendants Diers had filed their answer and before trial, plaintiffs dismissed the case as against defendants Shulls, the owner and driver of one of the cars, pursuant to a written stipulation. Defendants Diers, owner and driver of the other car, thereupon moved to dismiss as to them on the ground that the stipulation was of such nature that it released plaintiffs' cause of action as against all

the defendants. The motion was granted; the court's order for dismissal contains no findings of facts.

The pertinent parts of the stipulation for dismissal of the action are:

"It is hereby stipulated by and between * * * plaintiffs (Morris and their attorney) and * * * (Shulls and their attorney) that, in consideration of the payment to said plaintiffs by said defendants of the sum of $500.00 cash and delivery to plaintiffs of a promissory note made by said defendants, in the amount of $250.00, and payable upon final determination of this cause, that this action shall be dismissed with prejudice as against said undersigned defendants only."

Then follows a paragraph containing conditions on which the promissory note would be cancelled, which are not here material. The stipulation is signed by the plaintiffs Morris and their attorney and by the Shulls and their attorney and was filed February 3, 1955.

Thereafter defendants Diers filed an amendment to their answer, alleging a fourth defense:

"That said release and discharge and dismissal was a release of joint tort feasor and by reason thereof the defendants (the Diers) * * * as a matter of law, have been released and discharged of all claims of the plaintiffs."

On hearing the motion to dismiss, the trial court entered judgment ordering the dismissal of plaintiffs' claim against the Diers, the remaining defendants, with prejudice.

The questions presented are:

1. Did the stipulation, that the action "be dismissed with prejudice as against said undersigned defendants only," (the Shulls) for a consideration, *constitute a release of the remaining defendants?*

2. Is the release of joint tort feasors modified where the stipulation discloses that plaintiffs *did not intend* to release the remaining joint tort feasors?

■ Colorado has long recognized the majority rule in force in most other jurisdictions that the release of one joint tort feasor, for a consideration, releases all the joint tort feasors. In *Denver & Rio Grande R.R. Co. v. Sullivan,* 21 Colo. 302, 307, 41 Pac. 501, the following cited from *Leddy v. Barney,* 139 Mass. 394, is approved:

"The rule that a release of a cause of action to one of several persons liable operates as a release to all applies to a release given to one against whom a claim is made, although he may not be in fact liable. The validity and effect of a release of a cause of action do not depend upon the validity of the cause of action. If the claim is made against one and released, all who may be liable are discharged, whether the one released was liable or not."

■ *Ducy v. Patterson,* 37 Colo. 216, 224, 86 Pac. 109, citing with approval *Abb. v. N. P. Ry. Co.,* 28 Wash. 428:

" * * * if the plaintiff shall receive money in satisfaction of a wrong done him by one party, it is a satisfaction to all, and they are thereby discharged of all liability to plaintiff, whether the parties to the release agreement intended it to so operate or not."

*Sams v. Curfman et al.,* 111 Colo. 124, 137 P. (2d) 1017, cites with approval *Thompson v. Fox,* 326 Pa. St. 209, 192 Atl. 107, 109, which states the rule to be as follows:

"For the same injury, however, an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents any further proceeding against them. * * * This is true even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released. * * * Nor is it material whether the tort

feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end."

The stipulation involved here authorized an unqualified dismissal with prejudice, for a consideration, of plaintiffs' claim against defendants (Shulls) who had been sued, releasing them from further liability. Under long accepted Colorado decisions such a stipulation or release, in law, operates to release all the tort feasors jointly and severally sued, whether for joint, concurrent or successive torts. The trial court's order of dismissal of the remaining tort feasors (the Diers) was proper.

The judgment of the trial court is affirmed.