588 P.2d 892 (1978)
Burnie SUMMEY, Plaintiff-Appellant,
v.
George M. LACY, Defendant-Appellee.
No. 78-675.
Colorado Court of Appeals, Div. I.
December 14, 1978.
*893 David B. Savitz, Denver, for plaintiff-appellant.
Yegge, Hall & Evans, Richard D. Hall, Denver, for defendant-appellee.
PIERCE, Judge.
Plaintiff, Burnie Summey, brought this negligence action against defendant, Dr. George M. Lacy. The district court granted Lacy's motion for summary judgment, and Summey appeals. We reverse.
In September of 1975, Summey severed three of his fingers while operating a log splitting machine. He was taken to a nearby hospital where Lacy treated him by cleaning and suturing the wounds. Summey brought a product liability action against the manufacturer and the lessor of the log splitting machine, but this action was dismissed with prejudice after the parties entered into a settlement and executed a release. Under that settlement, signed in August of 1977, Summey was paid $50,000 in return for which he released the lessor and manufacturer:
"from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may, in the future, develop . . . ."
Summey then brought this action against Lacy, alleging that Lacy was negligent in not attempting to reimplant or restore the severed fingers, which were brought with him to the hospital. The district court granted Lacy's motion for summary judgment on the ground that, under the common law rule announced in Sams v. Curfman, 111 Colo. 124, 137 P.2d 1017 (1943), the release of an original tortfeasor operates to release a subsequent treating physician, absent specific language in the release to the contrary. See also Ashley v. Roche, 163 Colo. 498, 431 P.2d 783 (1967).
This rule is a special application of the general common law principle that the release of one joint tortfeasor ordinarily releases other joint tortfeasors. See Mills v. Standard Title Insurance Co., Colo., 577 P.2d 756 (1978); Farmers Elevator Co. v. Morgan, 172 Colo. 545, 474 P.2d 617 (1970). The court in Sams, supra, took the position that the injuries suffered by treatment were proximately caused by the original tort. In this sense, the physician and original wrongdoer caused a "single" injury, and were therefore jointly liable. When the plaintiff recovered from the original tortfeasor, he had been fully compensated for his "single" injury.
However, § 13-50.5-105(1) of the Uniform Contribution Among Tortfeasors Act, Colo.Sess.Laws 1977, ch. 195 at 810, abolished the common law rule governing releases of joint tortfeasors, and we hold that it also overruled Sams, supra. That statute provides, in pertinent part:
"When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
"(a) It does not discharge any of the other tortfeasors from liability for the *894 injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."
This Act, effective July 1, 1977, applies to the August 1977 settlement involved here, even though the alleged tortious conduct occurred before July 1, 1977. In re Question Submitted by the United States District Court, Colo., (Nos. 28129 and C-1554, announced October 23, 1978). Since the terms of the release did not expressly discharge Lacy from liability, the district court erred in granting his motion for summary judgment.
The judgment is reversed and the cause remanded with directions to reinstate plaintiff's complaint.
COYTE and KELLY, JJ., concur.