Mary CINGORANELLI,
Plaintiff-Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, St. Paul Mercury Insurance Company, and The St. Paul Insurance Company, Defendants-Appellees.

No. 80CA0625.

Colorado Court of Appeals,
Div. II.

June 11, 1981.

Rehearing Denied July 30, 1981.

Certiorari Granted Nov. 30, 1981.

John P. Hartman, Lakewood, for plaintiff-appellant.

Paul D. Renner, P.C., Paul D. Renner, John R. Rodman, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Mary Cingoranelli, appeals a judgment in favor of the defendants, the St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance Company, and St. Paul Insurance Company, dismissing her complaint on the grounds that her claim is barred by two releases executed by her. We affirm.

On April 7, 1975, Cingoranelli was injured while riding as a passenger in a vehicle owned and operated by the defendants' insured Mazzacco. The Mazzacco automobile collided with a vehicle driven by Bertha Betonski and insured by the Travelers Insurance Company. The St. Paul Companies paid $13,687.20 to or on behalf of Cingoranelli pursuant to the personal injury protection (P.I.P.) coverage contained in Mazzacco's insurance policy.

## I.

On April 13, 1976, Cingoranelli signed a document releasing Betonski,

"[A]nd his, her, their, or its successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations of and from any and all claims, demands, rights, or causes of action of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily or personal injuries, damage to property, and the consequences thereof, resulting, or to result, from a certain accident which, happened on or about the 7th day of April 1975 . . . ."

This release was given for consideration of $25,000, the liability policy limits of the Travelers Insurance policy held by Bertha Betonski. Of this $25,000, the defendants, St. Paul Companies, retained $13,687.20, the P.I.P. amounts previously paid to or on behalf of Cingoranelli under the Colorado Auto Accident Reparations Act.

A second release was signed by Cingoranelli in August 1976, releasing Mazzacco,

[H]er agents, and servants, and all other persons, firms, and corporations whomsoever of and from any and all actions, claims, and demands whatsoever . . . arising out of the accident, casualty and/or event which happened on or about the 7th day of April 1975."

Cingoranelli filed suit against defendants on May 22, 1978, to recover, among other items, P.I.P. claims presented for payment prior to the Betonski release of April 13, 1976, P.I.P. claims which accrued between April 13, 1976, and prior to August 1976, and P.I.P. claims which have accrued since the August 1976 release. On appeal, Cingoranelli argues that the two releases do not bar her claims against defendants for P.I.P. benefits nor the St. Paul Companies. We disagree.

The trial court correctly ruled that the agreements executed by Cingoranelli were general releases, which operated as a total bar to her claims. *Goff v. Boma Investment Co.*, 116 Colo. 359, 181 P.2d 459 (1947). She reserved no right of action against the St. Paul Companies in either release, and defendants are immune from all further claims and demands. General releases, such as these, discharge all joint tortfeasors, in addition to those specifically named. *Mills v. Standard Title Insurance Co.*, 195 Colo. 281, 577 P.2d 756 (1978); *Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969). We affirm the trial court's judgment that the releases executed by Cingoranelli operated as a total bar to fur-

ther claims and demands by her against the St. Paul Companies.[1]

## II.

 Cingoranelli also· argues that defendants were not entitled to retain $13,-687.20 from the $25,000 payment made to plaintiff in consideration for her April 12, 1976, release of Bertha Betonski.

We need not address the applicability of the set-off, because Cingoranelli is barred from claiming entitlement to the $13,687.20 by her release of Mazzacco, defendants' insured. That document was a general release and reserved no right of action against St. Paul for amounts withheld from the $25,000 settlement with Betonski. *Goff v. Boma Investment Co., supra; Cox v. Pearl Investment Co., supra; Mills v. Standard Title Insurance Co., supra.* Therefore, the set-off issues presented in *Camacho v. Daffern*, Colo.App., 622 P.2d 618 (1980), are not present here.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.

---

1. Section 13–50.5–105, C.R.S.1973, (1980 Cum. Supp.), which abolished the common law rule governing releases of joint tortfeasors, does not apply to releases executed prior to July 1, 1977.

*Mills v. Standard Title Insurance Co., supra; Summey v. Lacy*, 42 Colo.App. 1, 588 P.2d 892 (1978).