No. 23717.

FARMERS ELEVATOR COMPANY OF STERLING, A COLORADO
CORPORATION *v.* LARRY MORGAN, E. D. DRESSEL, D/B/A E. D.
DRESSEL FEED & SEED CO., J. BOGGS, A/K/A J. B. BELL,
MYRON KARSTEN, AND THE FIRST NATIONAL BANK OF
FLEMING, A NATIONAL BANKING CORPORATION.
(474 P.2d 617)

Decided September 21, 1970.     Opinion modified and as modified
rehearing denied October 5, 1970.

BENEDETTI and FENNIE, FRANCIS A. BENEDETTI, for plaintiff in error.

SANDHOUSE & SANDHOUSE, CHARLES H. SANDHOUSE, for defendant in error E. D. Dressel.

J. H. HOWARD, for defendant in error Larry Morgan.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court. In its complaint the plaintiff alleged that one of the defendants had fraudulently converted grain to his own use and that the other defendants, including the First National Bank of Fleming and Myron Karsten, were involved in a civil conspiracy relating to the conversion. During trial the Bank and Mr. Karsten moved for dismissal as to them, to which motion the plaintiff did not object. The motion was granted. On the next

trial day, attention of the court was directed to an agreement between the plaintiff, the Bank and Mr. Karsten made prior to the presentation of the motion to dismiss. In it the plaintiff agreed not to object to the motion. The court ruled that the agreement was a release of some of the alleged joint tort-feasors and, therefore, the remaining defendants were released. The court dismissed the action. We reverse.

There were pending three other actions in which the plaintiff, the Bank, and Mr. Karsten were parties. After the sixth day of trial the plaintiff, the Bank and Mr. Karsten entered into a written agreement which commenced as follows:

"IT IS AGREED:

"1. At the close of plaintiff's case in Civil Action No. 11295 in the District Court of Logan County, plaintiffs will not oppose a motion of defendants First National Bank of Fleming and Myron Karsten to dismiss as against them on the ground that plaintiffs have failed to prove facts sufficient to constitute a claim for relief against them. If such motion is granted:

"(a) All other cases pending between plaintiffs and defendants First National Bank of Fleming and Myron Karsten (including all counterclaims) will be dismissed with prejudice."

The agreement contained a number of further contractual provisions relating to the parties thereto all conditioned upon the granting of the motion to dismiss.

The next morning in chambers the following occurred:

"MR. BENEDETTI: At this time, the record may show that the plaintiffs rest their case as to the defendant's, Myron Karsten and the First National Bank of Fleming, Colorado, only, because having fully considered the evidence already adduced and additional evidence we have to present, we have concluded that we cannot show knowledge and participation in the conspiracy and fraud insofar as those defendants only are concerned.

"MR. WINNER: At which time the defendants, Myron

Karsten and the First National Bank of Fleming move to dismiss on the grounds that the plaintiffs have failed to prove facts sufficient to constitute a claim for relief against these defendants.

"THE COURT: The plaintiffs, having confessed the failure to produce evidence sufficient to make a prima facie case against the defendants, Myron Karsten and the First National Bank of Fleming, and upon the motion of the counsel for the First National Bank of Fleming and Myron Karsten, the Court will grant the motion to dismiss and order a judgment of dismissal be entered by the Clerk of the Court in favor of Myron Karsten and the First National Bank of Fleming and against the plaintiffs."

During the eighth trial day counsel for the defendant Dressel stated to the court that he had information that the dismissal of the Bank and Mr. Karsten had resulted from a written agreement with the plaintiff. The agreement was produced and supplemental pleadings relating to it were prepared and filed. Following argument, the court dismissed the complaint as to the remaining defendants and discharged the jury. The court found that the agreement constituted a release of the Bank and Mr. Karsten; that the dismissal entered as to them was not under R.C.P. Colo. 41; and that the release of the two alleged joint tort-feasors released all the other alleged joint tort-feasors.

The ruling and language of *Price v. Baker,* 143 Colo. 264, 352 P.2d 90 was urged upon the court strongly. The court's action was taken more than nine months prior to the time that *Cox v. Pearl Investment* Co., 168 Colo. 67, 450 P.2d 60 was announced. *Cox* materially modified the decision in *Price.* The court might well have ruled otherwise if it had made its ruling following *Cox.*

▬▬ *Cox* left intact the rule that the release of one joint tort-feasor releases all. *Cox* indicated, however, that the express intent of parties reaching an agreement to preserve the right to sue other joint tort-feasors will

be given effect. We think it follows that, when from the very nature of the transaction the intent to preserve the right to sue other tort-feasors is apparent, the intent of such agreement will be given the same effect as if it were a pure covenant not to sue. Here there was to be a dismissal as to two of the parties and a preservation of the right to continue the action with respect to the remaining defendants. It was clear that the intent of the plaintiff, the Bank and Mr. Karsten was to preserve any rights the plaintiff might have to recover against the remaining defendants.

Our decision here, however, does not have to be predicated upon *Cox*; it would be the same even if *Price* remained intact. The motion to dismiss of the Bank and Mr. Karsten fell under the provisions of R.C.P. Colo. 41(b)(1). The motion to dismiss was based upon failure of the plaintiff to establish a claim, and the court granted it. We find nothing in the record and the law to justify any conclusion other than that the action should have proceeded against the remaining defendants.

The plaintiff assigned several other matters of alleged error, principally concerning ruling on evidentiary matters. In the light of our disposition of the case, we elect not to pass upon them.

■ In this action the defendant Dressel asserted a counterclaim. However, that counterclaim was consolidated with another case, and all the issues presented by the counterclaim were tried prior to the trial of the instant matter. Mr. Dressel received a partial recovery upon his counterclaim and did not sue out a writ of error from the result. Mr. Dressel moved here that we order specified pleadings in the other case included in the record here. We granted his motion and the matters are a part of the record here. He now complains that the transcript of testimony in the other action should have been a part of the record. In the first place, he never requested such a transcript. More importantly, the issues presented by the counterclaim were determined in the

other action from the judgment in which no review was sought. He cannot have review of those matters now.

The judgment is reversed and the cause remanded with directions that the court reinstate the complaint and try the issues between the plaintiff and the remaining defendants.

MR. JUSTICE PRINGLE not participating.