No. 24407.

FARMERS ELEVATOR COMPANY OF STERLING, A COLORADO CORPORATION, RAYMOND L. SWEDLUND, SHERMAN E. WALROD AND VELMA SWEDLUND *v.* THE FIRST NATIONAL BANK OF FLEMING, A NATIONAL BANKING CORPORATION, MYRON KARSTEN AND E. A. KARSTEN.

(489 P.2d 318)

Decided October 12, 1971.

FRANCIS A. BENEDETTI, for plaintiffs in error.

SANDHOUSE & SANDHOUSE, CHARLES H. SANDHOUSE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE parties appear herein in the same order as in the lower court. This case is one of several in the District Court of Logan County. We have already had occasion to review one of the actions in *Farmers Elevator Company of Sterling v. Morgan,* 172 Colo. 545, 474 P.2d 617 (1970), which will be referred to in this opinion as case #11295, which was the civil action number assigned to it in district court. In that case we reversed the judgment of the lower court dismissing the action as to all defendants, holding that the instrument designated as Exhibit A, which was conditioned upon the dismissal of First National Bank of Fleming and one Myron Karsten in suit #11295, did not serve to release the remaining defendants. The cause was remanded for trial as to all the other defendants.

While #11295 was pending in this court on writ of error and before our opinion was announced in that case, plaintiffs sought declaratory relief, asking that the lower court make "a judicial declaration of their rights, status and legal relationship to the Defendants by virtue of a certain Agreement * * *." Plaintiffs asked that the court determine that the above agreement act as a settlement in various pending actions, not, however, including #11295. It was the position of the plaintiffs that the agreement had no application to #11295. In the alternative, plaintiffs' initial complaint asked that the agreement be declared "null and void." Subsequently, the plaintiffs filed what was designated as a "reply pleading" in which they attempted to alter or amend their alternative ground for relief and plead instead that the agreement be declared null and void only as to #11295. Defendants filed an intervening answer in which they admitted that the agreement was based upon a mutual mistake of  fact and that the agreement should be declared invalid.

The lower court denied the plaintiffs' attempt to amend the alternative ground for relief and then con-

ducted a hearing, at the conclusion of which it held, in part, as follows:

"The agreement, exhibit A, was not signed by E. A. Karsten, and plainly shows that it was contemplated that he was expected to be a party thereto. Since he did not join in the agreement, without proof that his name was of no consequence, his failure to join made the agreement null and void as has been contended by both the plaintiffs in their alternative request for relief and the defendants.

"There has been no evidence presented to the court on which it could base any decision as to what might be the effect of the agreement as between other parties and other lawsuits dealing with particular lawsuits not before this court. The judgment herein can only be taken to be a determination as to the rights of the parties in this action."

Insofar as the plaintiffs in this action sought construction of the agreement as it relates to action #11295, the matter has become moot. As appears in *Farmers Elevator Company of Sterling v. Morgan, supra,* disposition of the issues in that action were determined as to the First National Bank of Fleming and Myron E. Karsten by the court's order of dismissal as to them for the reason that at the close of the plaintiffs' case the plaintiffs had failed to prove facts sufficient to constitute a claim for relief against them. Obviously, that dismissal would have to be set aside before the plaintiffs in that action could proceed against the bank and Myron Karsten. No issue is presented as to whether the dismissal can be set aside.

Under our holding in *Morgan,* so far as case #11295 is concerned, it is immaterial whether the agreement was valid or invalid. In any event, the remaining defendants in case #11295 were not released and any of the plaintiffs' rights against them in that action were preserved.

Furthermore, this action seeks relief in the

nature of declaratory judgment. An examination of the pleadings does not reveal a genuine controversy existing between plaintiffs and defendants concerning "any question of construction or validity arising under the instrument." C.R.S. 1963, 77-11-2; C.R.C.P. 57(b). Rather, it appears from the complaint, answer and prayers for relief that both parties agree that the subject contract is null and void. This being so, no disputed question of construction or validity arising under the contract is presented for adjudication. A proceeding for declaratory judgment must be based upon an actual controversy. No proceeding lies under our declaratory judgment act to obtain merely an advisory opinion. *Assurance Society v. Hemenover*, 100 Colo. 231, 67 P.2d 80; *Denver v. Lynch*, 92 Colo. 102, 18 P.2d 907; *Gabriel v. Regents*, 83 Colo. 582, 267 P. 407; *Mulcahy v. Johnson*, 80 Colo. 499, 252 P. 816.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the complaint.

MR. JUSTICE KELLEY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.