Janet BRISTOW, Russell D. Bean, James Buffy, Rebecca Callaway, John C. Carlson, Sharon W. Cleveland, Diane Cornish, Graff Cornish, Frank Ferguson, Nancy I. Holmes, Cynthia L. Johnson, Thomas J. Johnson, Frederick J. Lamp, Leslie J. Murray, Colleen Payne, Linda Parkhurst, Kay Romero, Edward Romero, Yvette Sample, Elizabeth Staats, and Larry D. Staats, Intervenors-Representative Parties-Appellants,

v.

The TOWN OF CASTLE ROCK, a Colorado Municipal Corporation, Petitioner-Appellee,

and

Castle North Associates, Inc., a Colorado Corporation, and William R. Reddick, Jr., Respondents-Appellees.

No. 79CA0464.

Colorado Court of Appeals, Div. II.

Feb. 21, 1980.

Rehearing Denied April 10, 1980.

Paul Snyder, Bradley J. Yoder, Castle Rock, for intervenors-representative parties-appellants.

Bruce B. Lassman, Castle Rock, for petitioner-appellee.

Sartore, Hoyt & Graveley, William J. Graveley, Denver, for respondents-appellees.

ENOCH, Chief Judge.

Intervenors appeal from a declaratory judgment holding that under § 31–25–302, C.R.S.1973, the trustees of the Town of Castle Rock were not required to submit the question of a land purchase to a vote of the electors. We reverse.

The property in question is located near the geological formation for which the town is named, and was the subject of a public hearing on an application by its owners for rezoning to permit a planned housing development. The requisite number of town electors filed petitions calling for a special election to determine if the town should purchase the land to preserve it for the public's use and benefit, § 31–25–301(1), C.R.S.1973. The town initiated this declaratory judgment action to determine whether under § 31–25–302, C.R.S.1973, the trustees were required to hold the requested election. The court permitted the electors to intervene and determined that the suit would be maintained as a class action under C.R.C.P. 23(b)(3).

Section 31–25–301(1), C.R.S.1973, provides that:

"Each town shall have authority to acquire . . . in the manner provided in section 31–25–302 . . . land or interests in land which may be necessary, suitable, or proper for the preservation or conservation of sites, scenes, open space, and vistas of . . . public interest."

Section 31–25–302, C.R.S.1973, provides that:

"(1) . . . No lands or interests in land shall be purchased for any such purpose unless the board of trustees of such town adopts an ordinance authorizing such acquisition and stating the location and legal description of the lands to be acquired and, in case of purchase, the price to be paid and the manner of payment or unless the proposal to acquire such lands is submitted upon petition pursuant to subsection (3) of this section and approved by the registered electors of such town.

.    .    .    .    .

"(3) The board of trustees of such town *shall* submit, upon petition of the registered electors . . . the question of the acquisition of such lands . . . .

The board of trustees shall state, in the ordinance . . . the location of the land proposed to be acquired, describing the same by legal subdivisions, and the price to be paid in case of purchase and the manner of payment." (emphasis supplied)

The court concluded that under the statute it is the sole province of the town trustees to decide whether a parcel is necessary, suitable, or proper for purchase and whether it should be purchased. It also concluded that such a decision must be made manifest by an ordinance. It further ruled that after adoption of the ordinance, the purchase may be consummated, unless electors file qualified petitions.

Appellants first contend that the statute is plain and free of ambiguities, and that the district court improperly interpreted the legislation. We agree.

The effect of the trial court's ruling is that the electors would be entitled to an election for the purpose of rejecting a trustees' plan to acquire property, but the electors could not initiate an election for the purpose of requiring the trustees to acquire land where the trustees had either failed to act or had acted unfavorably toward the acquisition.

■ In light of the unambiguous language of the statute, such a strained interpretation was improper. *American Metal Climax, Inc. v. Claimant in re Death of Butler*, 188 Colo. 116, 532 P.2d 951 (1975); *Hill v. Sleep Products, Inc.*, 41 Colo.App. 133, 584 P.2d 93 (1978). Under the plain wording of the statute, there are two separate and distinct procedures by which the acquisition of land may be initiated. Section 31–25–302(1). Land may be acquired if the trustees on their own adopt an ordinance to authorize the acquisition, or, if a "proposal to acquire such lands is submitted upon petition . . . and approved by the registered electors of such town," then the trustees also must draft an ordinance, see § 31–25–302(3), C.R.S.1973, and submit the matter to the electors.

Hence, under the circumstances here, the trustees should have scheduled an election and allowed the electors of the town to decide whether the trustees should be required to acquire the property in question and the court should have so ordered. This construction of the statute is consistent with the reservation by the people of a right of initiative. Colo.Const. Art. V, § 1. Only legislation in furtherance of this constitutional provision is permissible. *Yenter v. Baker*, 126 Colo. 232, 248 P.2d 311 (1952).

Respondents contend that an "absurdity" arises under § 31–25–302(3), because of the difficulty of drafting an ordinance that would be in compliance with the statute. That issue is not before the court at this time as no effort has been made to draft an appropriate ordinance.

In view of our decision on the first issue, intervenors could have suffered no prejudice even if, as they contend, the court improperly classified this as a C.R.C.P. 23(b)(3) class action. Therefore, we need not decide this issue.

■ Contrary to the intervenors' contention, there is no error in the court's refusal to award costs and attorney fees to the intervenors under § 13–16–121, C.R.S.1973. There was an actual controversy as to the proper construction of the legislation. *See Farmers Elevator Co. v. First National Bank*, 176 Colo. 168, 489 P.2d 318 (1971). A liberal construction of C.R.C.P. 57(b) is favored whenever a party seeks relief from uncertainty with respect to the application of a governmental enactment. *See Heron v. Denver*, 159 Colo. 314, 411 P.2d 314 (1966).

Respondents' allegation that appellant's notice of appeal was insufficient to raise the issue presented on appeal is without merit.

The judgment is reversed and the cause is remanded with directions to enter judgment directing the trustees to proceed with the preparation of an ordinance and to conduct an election in accordance with the provisions of the statute.

RULAND and STERNBERG, JJ., concur.