**Justin S. MEYER, Plaintiff,**

v.

**Sol Allen STERN, Theodore A. Gould, and Titan Flyers, Inc., a Colorado Corporation, Ronald Webb, Answer All Secretarial Service, Inc., a Colorado corporation, Daniel Romcevich, and Martin Marietta Corporation, a Maryland corporation, Defendants.**

**Civ. A. No. 83–K–319.**

United States District Court, D. Colorado.

Dec. 14, 1984.

---

**12.** The other pending motions have been mooted by the resolution of the motion for summary judgment.

Neil Hillyard, Englewood, Colo., for plaintiff.

Mary A. Wells, Janice M. Finch, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff seeks recovery for injuries sustained in an airplane crash near the Arapahoe County Airport, in Colorado, on April 18, 1982. By a document dated July 26, 1984 plaintiff released all claims against other defendants including Titan Flyer's Inc. The release explicitly reserved claims which plaintiff may have against defendant Martin Marietta Corporation. Pursuant to the release and a stipulation for dismissal with prejudice, the case against all defendants except Martin Marietta was dismissed by Order dated September 11, 1984.

Plaintiff's claims against Martin Marietta are based upon the allegation that Titan

Flyers is an alter ego of Martin Marietta and that Martin Marietta is vicariously liable for the acts of Titan Flyers. By a Memorandum Opinion and Order dated August 17, 1984,[1] I denied Martin Marietta's motion for summary judgment as to the issue of vicarious liability. I held that the facts did not clearly demonstrate that Martin Marietta was not vicariously liable for Titan Flyer's actions. Martin Marietta filed a motion for reconsideration repeating the claims alleged in the initial motion for summary judgment. The motion for reconsideration raised no new issues, nor did it show any mistake, omission or misrepresentation compelling my modification of the August 17, 1984 order. Accordingly, the motion for reconsideration was denied. Martin Marietta now moves for certification of my denial of the motion for reconsideration as a final order pursuant to Rule 54(b) or in the alternative certification of that order for consideration on interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Martin has also filed a second motion for summary judgment arguing that the release of Titan Flyer's also releases Martin Marietta.

## APPEAL OF DENIAL OF MOTION FOR RECONSIDERATION

Rule 54(b) allows entry of final judgment as to isolated claims in cases involving multiple claims or multiple parties. Such entry requires "an express determination that there is no just reason for delay and ... express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Determination of whether an issue is finally resolved and may be certified for entry of judgment under Rule 54(b) is governed by the same standards of finality applied in determining jurisdiction on appeal under 28 U.S.C. § 1291. To be final, the judgment must be dispositive of the claims against Martin Marietta. *See, generally, Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.,* 696 F.2d 787, 789 (10th Cir.1983). It is axiomatic that denial

---

1. A typographical error on line 18, page 2 of the August 17, 1984 order should be corrected to read as follows: "159 F.Supp. 693, 696–98 (D.Colo.1958) (Arraj, J.). This is the"

of a motion for summary judgment does not dispose of the case and that issues remain for resolution. As Justice Douglas stated: "[t]he denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." *Switzerland Cheese Ass'n v. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966). The motion for entry of final judgment under Rule 54(b) is, therefore, denied.

While certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) does not require a final judgment, such certification is inappropriate here. Certification is appropriate only if I find that my denial of the motion for reconsideration "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation...." 28 U.S.C. § 1292(b). I denied summary judgment because the facts presented did not clearly show that Martin Marietta was not the alter ego of Titan Flyer's. Martin Marietta's motion for reconsideration did not question the law of vicarious liability applied in the earlier Memorandum Opinion and Order, inasmuch as there is little, if any, dispute as to the applicable law. A denial of a motion for summary judgment where the applicable law is clear, but there remains a genuine issue as to material fact, should not be certified for interlocutory appeal under § 1292(b). See *Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n. 4 (2d Cir.1966); *Rypkema v. Bowers*, 66 F.R.D. 564, 569–79 (N.D. W.Va.1974).

## SECOND MOTION FOR SUMMARY JUDGMENT

■ Martin bases its second motion for summary judgment on the proposition that a release of claims against Titan Flyer's also releases Martin Marietta from any derivatively based liability. Certainly, if the party who is primarily liable is absolved by a judgment on the merits, an action based upon secondary or vicarious liability must also fail. See *Flournoy v. Sayles*, 37 Colo. App. 67, 544 P.2d 649, 652 (1975).

The effect of a release and dismissal with prejudice is not as clear. Both parties agree that Colorado law should be applied in determining liability. Although the Colorado courts have not dealt with the precise issue here, their rulings in similar cases provide ample guidance in my determination of the appropriate legal standard. See *Hiatt v. Schreiber*, 599 F.Supp. 1142 at p. 1145 n. 1 (D.Colo.1984) and cases cited therein. In *Dworak v. Olson Contr. Co.*, 191 Colo. 161, 551 P.2d 198 (1976) plaintiff brought suit against an employer, on a theory of vicarious liability based upon *respondeat superior*, for injuries sustained when he was struck by a vehicle operated by an employee of the employer. The plaintiff had previously entered into a covenant not to sue the employee. The Colorado Supreme Court held that the covenant not to sue did not bar the subsequent suit against the employer based on a theory of derivative liability. Unlike Meyer's release here, the covenant in *Dworak* did not contain any reservation of right to proceed against the derivative party.

Martin Marietta tries to distinguish this case from *Dworak* by arguing that a covenant not to sue and a release must be interpreted differently. Under an antiquated common law view Martin Marietta's proposition is correct. A covenant not to sue released only claims against the parties to the covenant but did not release claims against other tort-feasors. Conversely, a release of one tort-feasor would release all. More recently, however, Colorado law has moved from such formalisms. It recognizes that a release with express provisions reserving the right to sue other tort-feasors will be given the effect intended by the parties. "[W]hen from the very nature of the transaction the intent to preserve the right to sue other tort-feasors is apparent, the intent of such agreement will be

given the same effect as if it were a pure covenant not to sue." *Farmers Elevator Co. of Sterling v. Morgan,* 172 Colo. 545, 549, 474 P.2d 617 (1970). *See also Mills v. Standard Title Ins. Co.,* 195 Colo. 281, 283, 577 P.2d 756 (1978). Moreover, in an analogous context, Colorado statutes now provide that "a release given to one or more persons liable in tort for the same injury ... does not discharge any of the other tortfeasors ... unless its terms so provide." Colo.Rev.Stat. § 13–50.5–105 (1984 Cum.Supp.).

The parties to the release clearly intended to reserve any extant rights against Martin Marietta and Colorado law requires that I enforce such intent. The release of Titan Flyer's does not effect the liability of Martin Marietta. Although, I do not decide whether any recovery from Martin Marietta would be set-off by the recovery from the other original defendants.

ACCORDINGLY, IT IS ORDERED THAT:

1. Martin Marietta's motion for entry of final judgment or certification for interlocutory appeal is denied; and

2. Martin Marietta's second motion for summary judgment is denied.