**Robert E. DORSEY, Plaintiff**

v.

**DUFF'S MOTEL, INC. d/b/a Hampton Inn, et al., Defendants.**

Civ. A. No. 94–0083–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 7, 1995.

Calvin Waverly Parker, Standardsville, VA, for plaintiff.

Joy Lee Price, Caskie & Frost, Lynchburg, VA, for defendants.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

This action is before the court under 28 U.S.C. § 636(c), the parties having consented to the jurisdiction of the magistrate judge. Currently before the court is defendant Duff Motel, Inc.'s Motion to Dismiss filed January 6, 1995.[1]

The amended complaint alleges that on December 5, 1993, the plaintiff, an African–American, attempted to secure a room for himself and two African–American friends at the Hampton Inn in Winchester, Virginia. A desk clerk refused to rent a room to plaintiff, allegedly telling him that the motel did not rent to "people from Culpeper."[2] Plaintiff subsequently filed this suit, alleging a violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, the prohibi-

---

1. Plaintiff filed a motion for leave to the amend the complaint on February 6, 1995. The court will grant the motion, and treats the defendant's motion to dismiss to apply to the amended complaint.

2. Plaintiff resides in Culpeper, Virginia.

tion against discrimination or segregation in places of public accommodations.

▮ In its motion to dismiss, defendant argues that plaintiff's failure to comply with 42 U.S.C. § 2000a–3(c) deprives the court of jurisdiction over plaintiff's claims. First, the court must consider whether the provision is applicable in this instance. The section states

In the case of an alleged act or practice prohibited under this subchapter which occurs in a State, or a political subdivision of a State, which has a state or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of the State or local enforcement proceedings.

42 U.S.C. § 2000a–3(c).

By its plain language, § 2000a–3(c) requires notice to the state or local authority as a prerequisite to instituting suit only when a state or local law prohibits discrimination in public accommodations and provides a civil or criminal remedy for such practice. Therefore, in states such as Illinois and New Mexico, where laws have been enacted to prohibit discrimination in accommodation and have provided remedies for violation, it is only logical that federal courts applying those laws would require filing a local or state notice as a prerequisite to any federal suit. *See Stearn v. Baur's Opera House,* 3 F.3d 1142 (7th Cir.1993); *Harris v. Ericson,* 457 F.2d 765 (10th Cir.1972).

Here there is no state or local law prohibiting discrimination in public accommodations, and contrary to defendant's assertion's this court believes that the Virginia Human Rights Act, Va.Code Ann. § 2.1–718 (Repl. Vol.1987), does not meet the requirements of § 2000a–3(c). The Virginia Human Rights Act does create the "Council on Human Rights." Va.Code Ann. § 2.1–718(A). However, while the council is given the authority to investigate and make findings and recommendations regarding complaints of discrimination, *id.* § 2.1–720(7), it does not have the power to "grant or seek relief from such practice" as required by 42 U.S.C. § 2000a–3(c). Therefore, the court concludes that because no local or state law of the type contemplated by § 2000a–3(c) exists in Virginia, plaintiff was not required to provide notice as a prerequisite to filing suit this action. The question of whether such notice is jurisdictional becomes moot.

▮ Defendant also argues that the notice requirements of § 2000a–3(c) are applicable to both plaintiff's § 2000a claim and his § 1981 claim, relying on *Tillman v. Wheaton–Haven Recreational Association, Inc., et al.,* 451 F.2d 1211 (4th Cir.1971), *rev'd on other grounds* 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973). While the *Tillman* court skirted the edges of the interplay between the statutes, it fell far short from holding that the procedural requirements relating to the former would apply to the latter. Indeed, its holding was limited to a determination of an issue not relevant to this litigation, namely the private status of the defendant.

This court questions the precedential value of *Tillman.* In 1974, the Supreme Court considered the procedural interaction between the Civil Rights Act of 1870 and the Civil Rights Act of 1964 in *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Court held that the remedies of Title VII of the Civil Rights Act of 1964 and the remedies under § 1981 were independent, and that the procedural requirements of Title VII did not apply to a § 1981 claim. However, it did not expressly overrule *Tillman.* The Fourth Circuit, itself, has hinted that the validity of the *Tillman* holding is in question. *See Wright v. Salisbury Club, Ltd.,* 632 F.2d 309, 311 n. 5 (4th Cir.1980). Most importantly, the Court of Appeals recently held that Title VII and § 1983 claims can be brought concurrently and are independent of each other.

*Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994). Therefore, this court is not persuaded that plaintiff's claims under § 1981 are subject to the requirements of § 2000a, and defendant's motion to dismiss on this ground will be overruled.