**Alade TOKUTA, Plaintiff,**

v.

**JAMES MADISON UNIVERSITY, et al., Defendants.**

**Civil Action No. 96–0113–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

Sept. 23, 1997.

Eileen Marie Nause Wagner, Richmond, VA, for Plaintiff.

Alade Tokuta, Broadway, VA, pro se.

Ronald Nicholas Regnery, Catherine Currin Hammond, Office of Atty. General, Richmond, VA, for Defendants.

*MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

*Facts and Procedural History*

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Plaintiff was employed as an Associate Professor of Computer Science with JMU, beginning in 1993, for a three-year probationary period. On February 28, 1995, Dr. Reynolds, another faculty member, indicated to plaintiff that plaintiff had been denied tenure. Dr. Reynolds was the sole objector on the departmental Personnel Advisory Committee to the granting of tenure to Dr. Tokuta. Dr. Reynolds alleged that he objected to granting plaintiff tenure solely because of unsatisfactory teaching performance.

Dr. Tokuta filed a charge of racial and national origin discrimination against JMU and Reynolds with the Equal Employment Opportunity Commission (EEOC) on or about November 14, 1995, and received a Right to Sue Notice on June 11, 1996. He then filed the current suit. Plaintiff later voluntarily dismissed Dr. Reynolds. Defendants moved to dismiss on October 2, 1996 under Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiff failed to file a charge with the EEOC within 180 days of the alleged adverse employment action. Plaintiff requested, and the court granted, leave to amend the complaint. Plaintiff did so and defendant moved to dismiss the amended complaint on March 21, 1997, claiming that the Virginia Council on Human Rights ("Virginia Council") is not a deferral agency and that plaintiff's complaint was therefore untimely because not filed within the 180–day EEOC limit. Plaintiff objected to the motion to dismiss, claiming that the 300–day filing period of the Virginia Council on Human Rights applied instead.[1]

By standing order, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Magistrate Judge B. Waugh Crigler conducted a hearing on the issue. In his Report and Recommendation Judge Crigler recommended that this court hold that the Virginia Council is not a deferral agency and that the 180–day filing limit applied to Dr. Tokuta's charge. Further, Judge Crigler recommended that the court find that on February 28, 1995 plaintiff became aware of the unlawful employment practice (the day Dr. Reynolds spoke to the plaintiff rather than the day the plaintiff received a formal notification by letter of tenure denial) and so his charge had to be filed within 180 days of that date. Because of the ultimate resolution of this matter, *infra*, the court finds it unnecessary to resolve this issue.

■ Plaintiff moved to set aside the report and recommendation and requested a hearing before this court. Said request was granted and a hearing was held before this court on September 11, 1997. Plaintiff objected to the magistrate judge's recommendation that the court find that the Virginia Council is not a deferral agency. The EEOC filed a brief as *amicus curiae* also arguing that the Virginia Council is a deferral agency whose time limit therefore applies to Dr. Tokuta's charge. The defendants filed a brief in opposition to that of the EEOC arguing that dismissal is appropriate for two reasons: (1) lack of jurisdiction because plaintiff failed to first allege state claims and seek state remedies, and (2) untimeliness because the Virginia Council is not a deferral agency and, therefore, a 180–day time limit is appropriate. At the eleventh hour the EEOC submitted a supplemental brief. Finding no prejudice to the defendant because the supplemental brief raised no new issues, the court took the supplemental brief into consideration. After careful analysis, this court holds that the Virginia Council is not a deferral agency, and that, therefore, plaintiff's complaint was not timely filed. The court therefore grants defendant's March 21, 1997 motion to dismiss plaintiff's amended complaint.

*Standard of Review*

As required by 28 U.S.C. § 636(b)(1), this court will review the Magistrate Judge's find-

---

1. Defendant has agreed that the filing occurred 240 days after the adverse employment action.

ings and recommendations *de novo.* (West 1993).

*Discussion*

Under 42 U.S.C. § 2000e–5(e)(1), an EEOC charge is timely filed if filed either within 180 or 300 days of the date of the alleged unlawful employment practice. The 300–day limitation applies "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000–5(e)(1) (West 1995).[2]

The Virginia Council has certain enumerated powers. When a charge alleges "an unlawful discriminatory practice under a federal statute," the Virginia Council "may investigate" or "attempt to resolve same through conciliation." Va.Code Ann. § 2.1–717 (Michie 1995). The Virginia Council may also, "[w]ith the approval of the Attorney General ... seek, through appropriate enforcement authorities, prevention of or relief from an alleged unlawful discriminatory practice; however, the Council itself shall have no power to issue subpoenas, award damages, or grant injunctive relief." Va. Code Ann. § 2.10–720(14) (Michie 1995). By the precise terms of the Virginia statute, the Virginia Council does not have the power to grant relief, and it may seek relief only by invoking the discretionary powers of an entirely separate agency, by referring the matter to the attention of the Attorney General of the Commonwealth. The words "seek through appropriate enforcement authorities" explicitly delimit the authority of the Virginia Council. The words of the statute are clear: the Council may only refer matters to enforcement authorities with the approval of the Attorney General, the Council itself lacks the power to grant relief.

The case law supports this conclusion. The Virginia courts have held that the Virginia Council is not a deferral agency because

its enumerated powers fall short of authority "to grant or seek relief." Recently, Judge Jackson L. Kiser, while Senior Judge of the Western District, noted, in *McGuire v. Commonwealth,* that "The Council is given the authority to investigate and make findings and recommendations regarding complaints of discrimination. It does not have the power, however, to grant or seek the relief described in 42 U.S.C. § 2000e–5(e)." 96–0761–R, —— F.Supp. —— [1997 WL 785622] (W.D.Va. August 25, 1997). *Dorsey v. Duff's Motel, Inc.* stated that "while the Council is given the authority to investigate and make findings and recommendations regarding complaints of discrimination[,] ... it does not have the power 'to grant or seek relief from such practice' as required by 42 U.S.C. § 2000a–3(c)."[3] 878 F.Supp. 869, 870 (W.D.Va.1995). The Eastern District of Virginia has found similarly that "[t]he Virginia Council on Human Rights has the authority to investigate and make recommendations regarding complaints of discrimination but does not have the power to 'grant or seek relief from such practice' as contemplated by § 2000e–5(c)." *Foster v. Geopure Systems & Services, Inc.,* 1995 WL 852074, at *2, 1995 U.S.Dist. LEXIS 17937, at *7–8 (E.D.Va. 1995), citing, Va.Code. § 2.1–717; *Dorsey v. Duff's Motel, Inc.,* 878 F.Supp. 869, 870 (W.D.Va.1995). While the EEOC as *amicus curaie* cites numerous cases from other circuits, the agencies in those cases all had powers beyond those of the Virginia Council. *See e.g., Crosslin v. Mountain States Telephone and Telegraph Co.,* 422 F.2d 1028 (9th Cir.1970), *vacated,* 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971) (holding an agency to be a deferral agency when it has the power to issue cease and desist orders); *Hadfield v. Mitre Corp.,* 562 F.2d 84 (1st Cir.1977) (holding Massachusetts be a deferral state when complainant must exhaust the mediation powers of the agency before filing suit ).

The analysis in *E.E.O.C. v. United States Fidelity & Guaranty Co.,* cited by the EEOC, suggests that EEOC has the power to determine whether an agency is a deferral agency, therefore also suggesting that said

---

**2.** The states with agencies having such powers are called "deferral states."

**3.** Section 2000a–3(c) is essentially *in haec verba* as 2000e–5, using the language, "grant or seek relief."

determination is an interpretation of federal law. 420 F.Supp. 244, 253 (D.Md.1976). If this were so, then the EEOC's determination that the Virginia Council is a deferral agency would be accorded deference under *Griggs v. Duke Power Co.*, 401 U.S. 424, 434, 91 S.Ct. 849, 855, 28 L.Ed.2d 158 (1971), cited in, *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1332 (1976). However, the interpretation by the EEOC is not one of federal law. The courts, in considering claims of deferral state status, have looked to the state laws enacting the state agencies. *See Dorsey v. Duff's Motel, Inc.*, 878 F.Supp. 869 (W.D.Va.1995); *Hadfield v. Mitre Corp.*, 562 F.2d 84 (1st Cir.1977); *E.E.O.C. v. U.S. Fidelity & Guaranty Co.*, 420 F.Supp. 244 (D.Md.1976). Therefore, the EEOC's determination is not due deference by this court. Even were that not the case, the language of the Virginia statute is unequivocal: relief rests with the attorney general of the state and not the Council.

■ The fact that the EEOC issued a Notice to Sue, indicating its belief in the timeliness of the complaint, does not make the complaint timely. A determination of timeliness by the EEOC does not bind the district court for purposes of jurisdiction and is reviewed *de novo*. *Givler v. Chesapeake and Potomac Telephone Co.*, 4 Fair Empl. Prac.Cas. (BNA) 1129 (E.D.Va.1972); *Chandler v. Roudebush, et al.*, 425 U.S. 840, 844–45, 96 S.Ct. 1949, 1951–52, 48 L.Ed.2d 416 (1976). This court finds that the charge was untimely.

Although the briefs of the parties raised several additional points, the court's finding, dictated both by the specific language of the statute and the case law of this district, that Virginia is not a deferral state makes it unnecessary for the court to reach these other issues.

Because the court determines that the Virginia Council is not a deferral agency and that, therefore, Dr. Tokuta's charge was not timely filed under Title VII, it must grant the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).