Darlene M. KIDWELL, Plaintiff,

v.

SHEETZ, INC., Fox Mountain, Inc., Michael Rinker, Robert Campbell, Defendants.

No. Civ.A. 95–0083–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 24, 1998.

James A. Klenkar, Hall, Monahan, Engle, Mahan & Mitchell, Winchester, VA, for Darlene M. Kidwell, Plaintiff.

Thomas J. Flaherty, Hunton & Williams, Mclean, VA, Elizabeth A. Lalik, Hunton & Williams, McLean, VA, for Sheetz, Inc., Fox Mountain, Inc., Robert Campbell, Defendants.

Glenn Milburn Hodge, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, Cathleen P. Welsh, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, Thomas E. Ullrich, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, for Michael Rinker, Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is the defendants' February 11, 1998 Motion for Reconsideration of this court's September 15, 1997 Order and Memorandum Opinion as they concern the plaintiff's hostile work environment sexual harassment claim under Title VII, 42 U.S.C. § 2000e *et seq.* (COUNT II). If, in the event that the court denies to reconsider the prior ruling, the motion alternatively requests certification under 28 U.S.C. § 1292(b) for an interlocutory appeal of the denial of reconsideration. For the reasons stated below, the court will deny the motion in both of its permutations.

### I.

### Background

Prior opinions by the court in this case thoroughly recount the various facts and allegations. Briefly put, the plaintiff, Darlene M. Kidwell ("Kidwell"), formerly worked as a cashier at a gas station / convenience store in Winchester, Virginia owned and run by defendants Sheetz, Inc. ("Sheetz") and Fox Mountain, Inc. ("Fox Mountain"). Kidwell claims that during her employment, she suffered unwelcome sexual harassment from defendants Michael Rinker and Robert Campbell, the store manager and district manager, respectively. In addition to Kidwell's Title VII sexual harassment claim (COUNT II), the plaintiff's Title VII retaliation claim (COUNT III) and her State law assault and battery claim (COUNT VI) survived summary judgment and are scheduled to be tried shortly.

### II.

### Administrative Filing Deadlines and *Tokuta*

■ The defendants request reconsideration of the court's September 15, 1997 Order denying their summary judgment motion as to COUNT II. The defendants correctly note that subsequent to the contested ruling in this case, the court decided *Tokuta v. James Madison University,* 977 F.Supp. 763 (W.D.Va.1997). In *Tokuta,* the court held that the Virginia Council on Human Rights

("Virginia Council") is not a "deferral agency" subject to the 300 day administrative agency filing period under Title VII, 42 U.S.C. § 2000e–5(e)(1), because it lacks authority "to grant or seek relief" 977 F.Supp. at 765.

The court reasoned that although the Virginia Council "may investigate," may "attempt to resolve ... through conciliation," or "[w]ith the approval of the Attorney General ... seek, through appropriate enforcement authorities, prevention of or relief from an alleged unlawful discriminatory practice," the agency lacks power directly to grant or seek relief. *Id.* (quoting Va.Code Ann. § 2.10–720(14) (Michie 1995)). The court continued:

> By the precise words of the Virginia statute, the Virginia Council does not have the power to grant relief, and it may seek relief only by invoking the discretionary powers of an entirely separate agency, by referring the matter to the attention of the Attorney General of the Commonwealth. The words "seek through appropriate enforcement authorities" explicitly delimit the authority of the Virginia Council. The words of the statute are clear: the Council may only refer matters to enforcement authorities with the approval of the Attorney General, the Council itself lacks the power to grant relief.

*Id.*

The defendants accurately state that a Title VII plaintiff in Virginia has 180, rather than 300, days from the final allegedly discriminatory act of his employer to file an administrative charge of discrimination. Motion at 2. Because the Virginia Council is not a deferral agency, a plaintiff's charge is untimely if filed with the agency more than 180 days after the alleged discrimination. Thus, the defendants urge that "[b]ecause none of the allegations Ms. Kidwell relies upon to support her hostile environment claim are based on events which allegedly occurred within 180 days of her charge, Ms. Kidwell's hostile environment claim is barred by the statute of limitations." *Id.*

In arguing that Ms. Kidwell's hostile work environment claim should be time-barred under the *Tokuta* analysis, the defendants strongly imply that *Tokuta* constitutes ground-breaking "new law." As such, the implicit argument continues (borrowing from the habeas corpus lexicon), the case now should apply "retroactively" to the facts of this case and to the summary judgment motion long ago denied as to COUNT II.[1]

*Tokuta,* however, broke no new ground in the Western District; a close reading reveals that it did not declare "new law." The court in *Tokuta* cited *McGuire v. Commonwealth,* 988 F.Supp. 980 (W.D.Va.1997) (Kiser, J.) and *Dorsey v. Duff's Motel, Inc.,* 878 F.Supp. 869, 870 (W.D.Va., March 7, 1995) (Crigler, M.J.) as prior authority for the holding that Virginia is not a deferral State under 42 U.S.C. § 2000–5(e)(1).[2] 977 F.Supp. at 765. This authority, the opinion expressly states, "dictated" the result in *Tokuta. Id.* at 766.

By invoking *Tokuta* now, the defendants thereby also appeal to the preexisting Western District authority for the first time. *Never,* though, in their summary judgment motion, in their memorada in support thereof, in their oral arguments on the summary judgment motion before U.S. Magistrate Judge Crigler, nor in their objections to the Magistrate Judge's May 9, 1997 Report and Recommendation, did the defendants argue that Kidwell's administrative charge of hostile workplace sexual harassment was time-barred because it was filed more than 180 days after the last alleged discriminatory act. Importantly, as the Report and Recommendation stated:

> the defendants' summary judgment motion on the hostile environment claim was denied on July 10, 1997.

---

1. In its Order of September 15, 1997, the court partially amended a July 10, 1997 ruling on the defendants' summary judgment motion. The latter Order, *inter alia,* granted summary judgment in favor of all defendants on COUNT I (*quid pro quo* sexual harassment) and denied summary judgment as to corporate defendants Sheetz and Fox Mountain on COUNT VI (assault and battery under the Virginia *respondeat superior* doctrine). The court's ruling as to COUNT II, however, remained unchanged between the two Orders;

2. In addition to the authority cited in *Tokuta, Haley v. City of Roanoke, Virginia,* Civ. Action No. 96–0804–R (W.D.Va. May 28, 1997) (Turk, J.) also held that Virginia is a non-deferral State under Title VII.

[P]ursuant to Rule 72(b) [of the Federal Rules of Civil Procedure the parties] are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof Any adjudication of fact or conclusion of law rendered herein ... not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by [the Magistrate Judge] may be construed by any reviewing court as a waiver of such objection....

May 9, 1997 Report and Recommendation at 13–14.

This reviewing court, therefore, finds that the defendants' instant argument (*i.e.*, that Kidwell failed to file timely her EEOC sexual harassment charge) has been waived because it was not raised within ten days of the issuance of the Report and Recommendation. The argument now, to say the least, comes too late in the day. Accordingly, the court will decline the invitation to reconsider its September 15, 1997 Order and Memorandum Opinion as they relate to COUNT II.

### III.

#### Certification for Interlocutory Appeal

■ The defendants' motion alternatively seeks certification for interlocutory appeal of the Order denying reconsideration. Title 28, United States Code, Section 1292(b), the Federal interlocutory appeals statute, states, in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it

within ten days after the entry of the order....

28 U.S.C. § 1292(b).

■ As an exception to the general rule that a party may appeal only a final judgment, interlocutory appeals under § 1292(b) are justified in circumstances that are limited and strictly construed. *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 633 (7th Cir.1984). The purposes of appeals from interlocutory orders are narrow—only non-final orders of serious and perhaps irreparable consequences may be challenged under § 1292(b). *See, e.g., Gardner v. Westinghouse Broadcasting Co.*, 559 F.2d 209 (3d Cir.1977), *aff'd* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978); *Donaldson v. Pillsbury Co.*, 529 F.2d 979 (8th Cir.1976); *Jones v. Diamond*, 519 F.2d 1090 (5th Cir.1975). Interlocutory appeals are allowed when irreparable injury will result from the denial of such an appeal or when the particular narrow issue with which the order was concerned is wholly separable from the remainder of the case. *21 Turtle Creek Square, Limited v. New York State Teachers' Retirement System*, 404 F.2d 31 (5th Cir.1968). Most importantly, of course, interlocutory appeals should be allowed, as the statute says, only when the order under attack involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See, e.g., Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.*, 317 F.2d 741 (4th Cir.1963). The decision whether or not to certify a non-final order for interlocutory appeal lies within the discretion of the district court. *Swint v. Chambers County Com'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

■ Here, the defendants request certification for appeal of the instant interlocutory order denying the motion to reconsider the earlier denial of summary judgment as to COUNT II. Of course, an order which denies a motion for summary judgment in the first instance is interlocutory and, therefore, unappealable generally. *Valdosta Livestock Co. v. Williams*, 316 F.2d 188 (4th Cir.1963). Likewise, an order which denies a motion for

reconsideration is interlocutory and unappealable when the order does not involve controlling questions of law about which there could be substantial disagreement. *Meyer v. Stern,* 599 F.Supp. 295 (D.Col. 1984).

The court finds that the defendants' motion presents no controlling question of law about which there could be substantial disagreement.[3] Western District case law has recognized consistently since 1995 that for Title VII administrative filing deadline purposes, Virginia is not a deferral State. From *Dorsey,* to *Haley,* to *McGuire,* to *Tokuta, supra,* courts in this district have been in total agreement—as opposed to "substantial disagreement"—on the issue. Equally clear, has been the longstanding requirement that parties must object with particularity to any factual findings or legal conclusions in a Magistrate Judge's Report and Recommendation within ten days to avoid waiving the objection under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C). The court, therefore, finds that the defendants' present objection to the denial of summary judgment as to COUNT II has been waived and now is untimely. As to this finding, the court concludes that there is no "substantial ground for difference of opinion." Accordingly, the court will decline to certify for interlocutory appeal the order denying the motion to reconsider.

That appropriate Order this day shall issue.

*ORDER*

Upon consideration of defendants Sheetz, Inc., Fox Mountain, Inc., and Robert Campbell's February 11, 1998 Motion for Reconsideration or for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings and for the reasons stated in the accompanying Memorandum Opinion, it is this day

ADJUDGED AND ORDERED

as follows:

(1) the defendants' February 11, 1998 Motion shall be, and it hereby is, DENIED to the extent that it requests this court to reconsider its September 15, 1997 Order and Memorandum Opinion as they relate to the plaintiff's Title VII hostile work environment claim (COUNT II);

(2) the defendants' February 11, 1998 Motion shall be, and it hereby is, DENIED to the extent that it requests a certification for interlocutory appeal under 28 U.S.C. § 1292(b) of this Order and a stay of proceedings herein.

**3.** With respect to the defendants' additional contention that the case should be certified for interlocutory appeal and stayed as a result of the United States Supreme Court's grant of *certiorari* to *Faragher v. City of Boca Raton,* 111 F.3d 1530 (11th Cir.), *cert. granted* —— U.S. ——, 118 S.Ct. 438, 139 L.Ed.2d 337 (1997) (holding that employers are not automatically liable for hostile environment sexual harassment of their supervisors and that direct corporate liability requires actual or constructive knowledge of the harassment), the court notes several points. First, no legal precedent is established merely by a grant or denial of *certiorari* . Moreover, the court hesitates to surmise from the questions presented in the *certiorari* petition on what basis the court might affirm or reverse the case below in *Faragher*. Finally, although the defendants' now assert that "[t]here is no evidence that [the corporate defendants were] aware of the conduct of [the

defendant] supervisors while the alleged harassment was taking place," Motion at 7, the court found the evidence in this record to the contrary. *Kidwell v. Sheetz, et al.,* 982 F.Supp. 1177, 1188 (W.D.Va.1997) ("Thus, unlike in *Andrade v. Mayfair Management, Inc.,* 88 F.3d 258, 261 (4th Cir.1996), there exists evidence for the fact finder to weigh and consider that the corporation 'knew or should have known' of the alleged harassing behavior. With such evidence of corporate notice alleged, denying defendants' motion for summary judgment does not violate at all *Andrade's* holding that corporate liability cannot be automatically imputed."). Regardless of whether the Supreme Court affirms or reverses Faragher, the court's denial of summary judgment as to COUNT II was made under the governing Fourth Circuit precedent of *Andrade.* Thus, neither an interlocutory appeal nor a stay is appropriate here.