**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALTER E. CHILDRESS,
Plaintiff-Appellant,

v.                                                                          No. 97-2057

APPALACHIAN POWER COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-96-63-L)

Submitted: May 19, 1998

Decided: July 21, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter E. Childress, Appellant Pro Se. William Beverly Poff, Thomas
Meredith Winn, III, Victor O'Neil Cardwell, WOODS, ROGERS &
HAZLEGROVE, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Walter E. Childress appeals the district court's order granting the Defendant's, Appalachian Power Company (APCO), motion for summary judgment in his employment discrimination action. We affirm.

Childress was terminated from his position with APCO on February 10, 1995. On December 4, 1995, he mailed an unverified letter to the EEOC alleging that APCO terminated and otherwise discriminated against him on the basis of age and disability. On January 29, 1996, Childress filed a sworn charge with the EEOC, this time alleging that he was terminated only on the basis of his disability. Following the receipt of a right-to-sue letter, Childress filed a complaint in federal court alleging violations of the ADA, the ADEA, Title VII, ERISA, and several state laws.

The district court entered summary judgment in favor of APCO, finding that Childress failed to file a timely charge of discrimination with the EEOC in relation to his ADA, ADEA, and Title VII claims, and that the ERISA claim was barred by the one-year statute of limitations in effect at the time of Childress' claim. Having disposed of all of Childress' federal claims, the court dismissed his state claims without prejudice.

Childress argues on appeal that his charge of discrimination was timely filed with the EEOC. We disagree and affirm the district court's decision that his charge was untimely filed, but for alternative reasons. In finding Childress' charge untimely, the district court applied the 300-day filing period applicable for deferral states. Virginia, however, is not a deferral state as the Virginia Council on Human Rights does not meet the definition of a "fair employment practice agency," under 29 C.F.R. § 1601.70 (1997).

Section 1601.70 specifies that a fair employment practice agency must have the authority to either: (1) grant relief from an unlawful employment practice; (2) seek relief from an unlawful employment practice; or (3) institute criminal proceedings with respect to the practice. Under the Virginia statutes, the Council on Human Rights has no independent authority to do any of the three. See Va. Code Ann.

2

§ 2.1-720(14) (Michie 1995).**1** Thus, we conclude that the council is not a fair employment practice agency, and Virginia is therefore not a deferral state. See, e.g., Kidwell v. Sheetz, Inc., 996 F. Supp. 552, 554 (W.D. Va. 1998); Young v. Sheetz, Inc., 987 F. Supp. 496, 499 (W.D. Va. 1997); Tokuta v. James Madison Univ. , 977 F. Supp. 763, 764 (W.D. Va. 1997); Dorsey v. Duff's Motel, Inc., 878 F. Supp. 869, 870 (W.D. Va. 1995).

Accordingly, Childress was required to file with the EEOC within 180 days from the date his claim accrued.**2** Because he did not do so, his ADA, ADEA, and Title VII claims are barred. We thus affirm the district court's grant of summary judgment as to these claims.

Turning to Childress' ERISA and state law claims, we find no error in the district court's disposition and therefore affirm as to those claims on the reasoning of the district court. Childress v. Appalachian Power Co., No. CA-96-63-L (W.D. Va. July 10, 1997). Finally, we have considered each of Childress' allegations of district court error and find them to be without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**1** Section 2.1-720(14) provides:

> With the approval of the Attorney General,[the Council has the power] to seek, through appropriate enforcement authorities, prevention of or relief from an alleged unlawful discriminatory practice; however, the Council itself shall have no power to issue subpoenas, award damages, or grant injunctive relief.

(emphasis added).

**2** The district court concluded that Childress' claim did not accrue until January 29, 1996. We note that the result would be the same even accepting Childress' unverified letter of December 4, 1995 as his charge under the theory that his later verified charge related back to the original filing. See 29 C.F.R. § 1601.12(b) (1997) (stating that any technical defects, "including failure to verify the charge," may be cured through amendments which will relate back to the date upon which the charge was first received).

3